UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER TIERNEY,
FDOC Inmate #R56554,
        Plaintiff,

v.                                          Case No. 3:23cv24772/MCR/ZCB

RICKY DIXON, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed by Plaintiff Christopher Tierney under 42 U.S.C. § 1983.  Plaintiff sues the FDOC Secretary and several prison officials at Santa Rosa Correctional Institution for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments.  (Doc. 1).[1]  After reviewing Plaintiff's complaint, the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

---

[1] Plaintiff also asserts a claim under the Americans with Disabilities Act and several state law claims.

1

Under 28 U.S.C. § 1915A, a district court shall dismiss a prisoner's complaint if it is malicious.  28 U.S.C. § 1915A(b)(1).[2]  A complaint is "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted).  And the Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal where prisoner failed to identify two prior lawsuits on the complaint form).[3]  Dismissal is appropriate even if the prisoner blames a lack of memory or a misunderstanding for his failure to truthfully disclose. *See id*. at 624-25 (affirming dismissal for failure to

---

[2] Section 1915A requires the district courts to review a complaint in a civil action in which a prisoner seeks redress from a governmental officer or employee.  28 U.S.C. § 1915A(a).  On review, the Court must dismiss the complaint if it is malicious. *Id.*, § 1915A(b)(1).

[3] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

disclose even though prisoner claimed that he lacked full memory about the omitted lawsuit); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Question C of Section VIII on the Court's complaint form asked Plaintiff if he had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement." (Doc. 1 at 11). Plaintiff checked "YES" and identified four cases:

> ●*Tierney v. Ferguson, et al.*, Case No. 8:16cv2917-AEP (M.D. Fla.) (federal lawsuit alleging use of excessive force);
> ●*Tierney v. Bailey, et al.*, Case No. 8:13cv1684-JDW-MAP (M.D. Fla.) (federal lawsuit alleging use of excessive force)
> ●*Tierney v. Harrison, et al.*, Case No. 4:21cv174/WS/MAF (N.D. Fla.) (federal lawsuit alleging Eighth Amendment violations); and
> ●*Tierney v. Hattaway, et al.*, 3:20cv5738/MCR/ZCB (N.D. Fla.) (federal lawsuit alleging Eighth Amendment violations).

(*Id*. at 11-12). At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that the foregoing . . . is true and correct." (*Id*. at 12-13).

3

The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915A(b)(1) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to the Court's docket, three days before Plaintiff filed his civil rights complaint in this case, he filed a civil rights lawsuit against many of the same Defendants, *Tierney v. Scruggs, et al.*, 3:23cv24768/MCR/HTC (N.D. Fla. Dec. 22, 2023). The earlier-filed lawsuit was a federal lawsuit relating to the conditions of confinement.[4] So, Plaintiff was required to list it on the complaint form. He did not. What's more, several weeks have passed since Plaintiff filed his complaint in this case, and he has not amended or supplemented his complaint to disclose the prior case.

The prior litigation portion of the complaint form serves important purposes. First, it assists the Court in determining whether the prisoner is barred from proceeding *in forma pauperis* under the "three strikes"

---

[4] Plaintiff claimed that officers at Santa Rosa Correctional Institution used excessive force and retaliated against him. (3:23cv24768/MCR/HTC, Complaint).

4

provision in 28 U.S.C. § 1915(g).  Second, it allows the Court to determine whether an action is related to another lawsuit.  Third, it enables the Court to determine whether the case involves issues that have been previously decided by another judge.  These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

When prisoners misrepresent their litigation on the complaint form, there should be consequences.  As another judge on this Court has explained, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.   If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.  And word does get around the prisons." *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020).  The Court is unwilling to excuse Plaintiff's failure to accurately disclose his litigation history.[5]

---

[5] Permitting Plaintiff to disclose the lawsuits only *after* he was called out for his failure to disclose them would be the equivalent of overlooking his untruthfulness.  *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal and denial of an opportunity to amend his complaint to disclose lawsuits that should have been

For the reasons above, Plaintiff has abused the judicial process by failing to accurately disclose his litigation history and dismissal for maliciousness is warranted under 28 U.S.C. § 1915A(b)(1).   Lesser sanctions would be insufficient.  *See, e.g.*, *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (affirming dismissal where *pro se* plaintiff failed to disclose prior state cases that challenged the conditions of his confinement); *see also Thompson v. Quinn*, No. 3:10cv74/MCR/CJK, 2011 WL 5873064 (N.D. Fla. Oct. 20, 2011) *adopted by*, 2011 WL 5873069 (dismissing prisoner's complaint for failing to disclose prior state cases).  Accordingly, Plaintiff's complaint should be dismissed without prejudice as a malicious abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

---

disclosed initially); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal where the plaintiff attempted to provide a full list of his prior cases after a magistrate judge recommended dismissal, and explaining that the district court was "correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

1.     Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** as a malicious abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) for failure to accurately disclose litigation history.

2.     The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 9th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.